IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN A. SANDERS, JR., <br> Plaintiff, <br><br> vs. <br><br> MICHAEL HARE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    Case No. 19−cv−00546−JPG <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff John Sanders, who is currently being held at Alton Law Enforcement Center in Alton, Illinois, brings this action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 for events occurring at the Madison County Jail. Plaintiff seeks monetary damages.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in his Complaint: Over the course of several years, Defendant Sergeant Michael Hare, a deputy jailer at the Madison County Jail ("Madison"), has repeatedly made sexual advancements toward Plaintiff throughout his time in and out of

1

Madison. (Doc. 1). Plaintiff recounts that between December 2006 and May 2007, Sergeant Hare would watch Plaintiff using the restroom while making sexual comments and gestures. *Id.* at p. 6. When Plaintiff would tell Sergeant Hare to leave him alone, Hare would punish Plaintiff by taking away dayroom privileges or shaking down his cell on false pretenses.

During a period while Plaintiff was not being held in Madison, Plaintiff claims that Sergeant Hare approached him at a gas station in 2012 and made sexually explicit remarks to him.

Plaintiff claims that because of the ongoing sexual harassment he lives in fear of retaliation for refusing Sergeant Hare's advancements and has suffered from mental trauma. *Id.* at p. 7.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts.

**Count 1:** Eighth Amendment claim against Hare for sexual harassment.

**Count 2:** First Amendment claim against Hare for retaliating against Plaintiff for protesting Hare's sexual comments and advances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pleaded under the *Twombly*[1] pleading standard.**

The Complaint does not survive preliminary review under 42 U.S.C. § 1983. Although the courts are obligated to accept factual allegations as true, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578F. 3d 574, 581 (7th Cir. 2009). Plaintiff claims that he has been the victim of ongoing

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

sexual harassment from Sergeant Hare and fears retaliation for rejecting his advances are vague and conclusory. Other than alleging incidences of sexual harassment and retaliation on the part of Hare that are time barred or not brought properly under Section 1983,[2] Plaintiff does not include recent substantive allegations. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Twombly,* 550 U.S. at 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included substantive allegations against a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. For these reasons the Complaint is dismissed.

## **Leave to Amend**

The Court notes that on June 10, 2019, Plaintiff filed a Notice of Change of Address (Doc. 3) and included in the Notice allegations regarding further retaliation. Plaintiff is attempting to add to his original complaint in a piecemeal fashion. This is often referred to as amendment by

---

[2] The first incident of harassment occurred while Plaintiff was held at Madison between December 2006 to May 2007 and so is time-barred as the statute of limitations for claims under Section 1983 in Illinois is two years. *See Farrell v. McDonough,* 966 F.2d 279, 280-82 (7th Cir. 1992). The second allegation of harassment occurred at a gas station in 2012, while Plaintiff was not in custody. A crucial element of a Section 1983 claim is "whether the plaintiff has been deprived of some federally secured constitutional or statutory right by someone action 'under the color of state law.'" *Murphy v. Chicago Transit Auth.,* 638 F. Supp. 464, 466 (N.D. Ill. 1986) (citations omitted). Because Plaintiff does not allege that the wrongful acts at the gas station related to the performance of Hare's duties as a deputy jailer, he cannot bring this claim under Section 1983.

3

interlineation, and it is not permitted. See FED. R. CIV. P. 8(a). Instead, all claims against all defendants must be set forth in a single document. The Court cannot simply "add" claims to the original complaint. To the extent that Plaintiff was seeking to amend his original Complaint such request is denied.

Although the Court dismissed the Complaint, Plaintiff will have an opportunity to re-plead his all claims in a First Amended Complaint if he wishes to proceed any further with his action. When preparing a First Amended Complaint, he should set forth sufficient all allegations against each defendant to describe what the defendant did, or failed to do, to violate his constitutional rights.

## Disposition

**IT IS ORDERED** that the Complaint (**COUNTS 1** and **2**) shall be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 22, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00546-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: July 25, 2019**

                                                                                         s/J. Phil Gilbert
                                                                                         **J. PHIL GILBERT**
                                                                                         **United States District Judge**